DAVID LANDRUM, Oregon State Bar ID Number 955425
Senior Deputy City Attorney
Email: david.landrum@portlandoregon.gov
DANIEL SIMON, OSB No. 124544
Assistant Deputy City Attorney
Email: dan.simon@portlandoregon.gov
Office of City Attorney
1221 SW 4th Avenue, Suite 430
Portland, OR  97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
      Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **JOSEPH WALSH**, | 3:15-cv-01666 SI |
|     **PLAINTIFF**, | |
| v. | **ANSWER** |
| **BRYANT ENGE, CHARLIE HALES,** **CITY OF PORTLAND,** | |
|     **DEFENDANTS.** | |

For their Answer to Plaintiff's Complaint, Defendants Bryan Enge ("Enge"), Charles Hales ("Mayor Hales") and City of Portland ("City") admit, deny and allege as follows:

    1.    Defendants deny each and every material allegation of Plaintiff's Complaint not expressly admitted herein.

    2.    Defendants admit the identification of the Parties contained in Section 1 "Parties" of Plaintiff's Complaint.  Defendants further affirmatively allege that Defendant Bryant Enge is employed as the appointed (as distinct from elected) Director of the Internal Business Services Division of the City of Portland, Oregon's Office of Management and Finance; Charles Hales is the duly elected Mayor of the City of Portland.

3.      Defendants admit the allegations as to jurisdiction contained in Section II "Jurisdiction" of Plaintiff's Complaint, to the effect that the United States District Court for the District of Oregon has jurisdiction over Plaintiff's sole Claim for Relief under 28 USC §1331 ("Federal Question"). Defendants deny any other allegations contained in Section II "Jurisdiction" of Plaintiff's Complaint.

4.      With respect to the handwritten paragraph beneath "III. STATEMENT OF CLAIMS; Claim I" at page 3 of Plaintiff's Complaint:

(a)     Defendants admit the allegation contained in the handwritten paragraph beneath "III. STATEMENT OF CLAIMS; Claim I" at page 3 of Plaintiff's Complaint, to the extent that Plaintiff Walsh has been "excluded" from City Council meetings and from City buildings on multiple occasions because of his conduct in those meetings and buildings, most recently on July 15, 2015 through the mechanism of the letter attached to Plaintiff's Complaint as "Attachment #1;"

(b)     Defendants admit that the letter dated July 7, 2015 from Enge to Walsh, a copy of which is identified as "Attachment #1" to Plaintiff's Complaint, was hand-delivered to Plaintiff on July 15, 2015;

(c)     Defendants deny the allegations contained in the handwritten paragraph beneath "III. STATEMENT OF CLAIMS; Claim I" at page 3 of Plaintiff's Complaint regarding the motivation of Defendants Enge and Hales;

(d)     Defendants admit the allegations contained in the handwritten paragraph beneath "III. STATEMENT OF CLAIMS; Claim I" at page 3 of Plaintiff's Complaint, to the extent that Defendant Enge's authority to exclude Plaintiff Walsh as described in the letter attached to Plaintiff's Complaint as "Attachment #1" is delegated by Portland City Code 5.36.115; Mayor Hales is the Commissioner in Charge of the City's Office of Management and Finance.

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

(e)     Defendants deny any other allegations contained in "III. STATEMENT OF CLAIMS; Claim I" of Plaintiff's Complaint.

5.     Defendants deny the allegations contained in the handwritten paragraph beneath "Claim II" at page 4 of Plaintiff's Complaint.

6.     Defendants deny that Plaintiff Walsh is entitled to the relief described in the handwritten paragraph beneath "IV. RELIEF" at page 5 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

(Failure to State a Claim)

7.     Plaintiff's Complaint fails to state a claim upon which relief can be granted in the following particulars:

(a)     Plaintiff was not excluded from any City Council meeting because of any point of view or opinion expressed by the content of his speech. *See Houston v. Yoncalla Sch. Dist. No. 32*, No. 6:13-CV-01318-AA, 2015 WL 413803, at *2 (D. Or. Jan. 29, 2015), *citing Norse v. City of Santa Cruz*, 629 F.3d 966, 975 (9th Cir.2010) (Kozinski, J., concurring), *cert denied*, 2011 WL 4530331 (Oct. 3, 2011) ("A council can regulate ... the content of speech—as long as content-based regulations are viewpoint neutral and enforced that way."); *Galena v. Leone*, 638 F.3d 186, 197 (3rd Cir.2011) ("though the First Amendment's protection of freedom of expression is not inviolate, when a public official excludes a citizen from a public meeting, the official must not be acting in violation of that amendment."); see also *Osborne v. City of Burns, Or.*, No. 2:11-CV-00080-SU, 2012 WL 930815, at *4 (D. Or. Feb. 27, 2012) *report and recommendation adopted*, No. 2:11-CV-00080-SU, 2012 WL 930234 (D. Or. Mar. 19, 2012), *citing White v. City of Norwalk*, 900 F.2d 1421 (9th Cir.1990) (A city official is not entitled to prevent an individual from attending a city council meeting that is open to the public unless the

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

person disturbs the meeting); *Norwalk*, 900 F.2d at 1425 (In the Ninth Circuit, a city council meeting that is open to the public constitutes a "limited public forum" for First Amendment purposes); *Norse*, 629 F.3d at 979 ("[e]ven in a limited public forum like a city council meeting, the First Amendment tightly constrains the government's power; speakers may be removed only if they are actually disruptive."); *Norse*, 629 F.3d at 976 (reading *Norwalk* to require actual disturbance); *see also Kindt v. Santa Monica Rent Control Bd.*, 67 F.3d 266, 271 (9th Cir.1995) (limitations on speech at such meetings "must be reasonable and content neutral, but that is all they need to be."); *see also Minn. State Bd. for Cmty. Colls. v. Knight*, 465 U.S. 271, 283, 104 S.Ct. 1058, 79 L.Ed.2d 299 (1984) ("The Constitution does not grant to members of the public generally a right to be heard by public bodies making decisions of policy.)

      (b)    Plaintiff's sole claim for relief is moot, because the exclusion he challenges expired, by its own terms, on September 15, 2015.

      (c)    Plaintiff Walsh lacks standing to represent the interests of any person or group of persons other than himself. *Dean v. Jones*, No. CV 09-1102-AC, 2010 WL 1873089, at *3 (D. Or. Mar. 2, 2010) *report and recommendation adopted*, No. 09-CV-1102-AC, 2010 WL 1838962 (D. Or. Apr. 30, 2010) (Judge Acosta) ("Parties may plead and conduct their own cases personally in all courts of the United States, 28 U.S.C. §1654 (2009)."); ("It is well established that the privilege to represent oneself *pro se* provided by §1654 is personal to the litigant and does not extend to other parties or entities." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir.2008). Similarly, the representative of a class cannot appear *pro se*. A litigant simply cannot "fairly and adequately protect the interests of the class." *Williams v. Boardman*, No. 1:10–cv–00038–AWI–SMS PC, 2010 WL 367794 at *1 (E.D.Cal. Jan.27, 2010) (*quoting* Fed.R.Civ.P. 23(a)(4); *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th

Page 4 – ANSWER

Cir.2000)). *See also Martinez v. Peters*, No. 6:13-CV-00384-PK, 2013 WL 5536948, at *1 (D. Or. Mar. 22, 2013) *aff'd*, No. 6:13-CV-00384-PK, 2013 WL 5536945 (D. Or. Oct. 7, 2013), *leave to appeal denied* (Jan. 14, 2014).

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants pray that Plaintiff's Complaint be dismissed and that judgment be entered in their favor and for their costs and disbursements incurred herein, in addition to such other relief as may be justified.

Dated: October 16, 2015.

Respectfully submitted,

*/s/ David Landrum*
DAVID LANDRUM, OSB # 955425
Senior Deputy City Attorney
DANIEL SIMON, OSB No. 124544
Assistant Deputy City Attorney
Telephone: (503) 823-4047
Attorneys for Defendants

Page 5 – ANSWER

CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing ANSWER on:

>Joseph F. Walsh
>7348 SE Division Street
>Portland, OR  97206
>>*Plaintiff-Pro Se*

on October 16, 2015, by causing a full, true and correct copy thereof, addressed to the last-known address (or fax number) of said attorney, to be sent by the following method(s):

| | |
|---|---|
| ☒ | by **mail** in a sealed envelope, with postage paid, and deposited with the U.S. Postal Service in Portland, Oregon. |
| ☐ | by **hand delivery.** |
| ☐ | by **email** pursuant to LR 5-2(b). |
| ☐ | by **facsimile transmission.** |
| ☐ | by **email.** |

>*/s/ David Landrum*
>DAVID LANDRUM, OSB #955425
>Senior Deputy City Attorney
>DANIEL SIMON, OSB No. 124544
>Assistant Deputy City Attorney
>Telephone: (503) 823-4047
>Attorneys for Defendants

Page  1  –  CERTIFICATE OF SERVICE