DAVID LANDRUM, Oregon State Bar ID Number 955425
Senior Deputy City Attorney
Email: david.landrum@portlandoregon.gov
DANIEL SIMON, OSB No. 124544
Assistant Deputy City Attorney
Email: dan.simon@portlandoregon.gov
Office of City Attorney
1221 SW 4th Avenue, Suite 430
Portland, OR 97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
      Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JOSEPH WALSH, | 3:15-cv-01666 SI |
| PLAINTIFF, | |
| v. | DECLARATION OF BRYANT ENGE |
| BRYANT ENGE, CHARLIE HALES, CITY OF PORTLAND, | (In Support of Defendants' Motion for Summary Judgment) |
| DEFENDANTS. | |

I, Bryant Enge, declare as follows:

1.     I am the Director of the Internal Business Services for the City of Portland's Office of Management and Finance (OMF). I was appointed to this position on February 21. 2012.

2.     My responsibilities include directing the operations of the City's Bureau of Internal Business Services, which includes facilities services, fleet services, risk management and centralized printing and distribution functions.

3.     Under PCC 3.15.020, attached as **Exhibit A**, OMF, through the OMF Bureau of Internal Business Services, has the authority to manage city owned property assigned to OMF

property management and administration.  Part of that function includes development and to enforce rules of conduct for city buildings.  PCC 3.15.020 also provides that Persons in Charge may exclude any person who fails to comply with the Rules of Conduct for City buildings.

4.  Pursuant to Portland City Code 5.36.115 (Ordinance No. 161538), attached as **Exhibit B**, each Commissioner in Charge is authorized to designate persons in charge of City property within that Commissioner's assigned bureaus and departments.

5.  Mayor Hales is the Commissioner in Charge of properties under the management of the Office of Management and Finance, including the interior and all exterior areas surrounding City Hall, the Portland Building, 1900 Building, and PDC Union Station.

6.  On January 1, 2013, Mayor Hales specifically delegated to me and Jack Graham authority to develop and enforce "Rules of Conduct" for City properties under OMF management, including City Hall.  This authority also included enforcement of the "Rules of Conduct" by means of exclusions from City of Portland properties for various periods of time.

7.  Attached to this Declaration as **Exhibit C** is a true and correct copy of Mayor Hales' January 1, 2013 memorandum to Jack Graham and Bryant Enge regarding Delegation of Authority effective January 3, 2013.

8.  Pursuant to City Code 5.36.116 (Ordinance No. 16538), the Mayor also designated me as a "person in charge" for purposes of excluding persons from City owned facilities.

9.  Attached to this Declaration as **Exhibit D** is a true and correct copy of the Certificate of Authority to Act as a Person in Charge of City of Portland Premises, effective January 3, 2013.

10. The "Rules of Conduct for City of Portland Properties" were revised effective August 12, 2013.

11.   Attached to this Declaration as **Exhibit E** is a true and correct copy of the "Rules of Conduct for City of Portland Properties" effective since August 12, 2013.

12.   These Rules are posted in the windows next to the public entrance to City Hall.

13.   Attached to this Declaration as **Exhibit F** is a true and correct photograph depicting the Rules of Conduct for City of Portland Properties as posted in the windows of City Hall.

14.   An abbreviated list of rules for Portland City Hall is posted inside the public entrance to City Hall on 4th Avenue.

15.   Attached to this Declaration as **Exhibit G** is a true and correct photograph depicting the abbreviated rules posted inside the doors of City Hall's public entrance.

16.   Rule number 5 states: "No person shall engage in conduct that disrupts or interferes with the normal operation of administration of City business …."

17.   Rule number 6 provides:

"No person shall disobey the reasonable direction of a City employee, law enforcement, person in charge or security officer. A direction is reasonable if it directs a person to obey, or to cease a violation of any law, rule or regulation applicable in the City Building, or if it is otherwise reasonably related to protection of health, welfare or safety of the person or of any other person in the City Building or the prevention of damage to property, or <u>if it is reasonably necessary to preserve the peace or to prevent the disruption of any activity or permitted event in the City Building</u>.

18.   On September 10, 2014, Mr. Walsh attended the City Council meeting to observe and provide public testimony. At the beginning of the meeting the Mayor informed all present of the ground rules and courtesy expectations for meeting attendance, including being respectful of others and not being disruptive to the proceedings. Mr. Walsh provided testimony on an agenda item to which two members of the Council made comments in response to Mr. Walsh's testimony. Mr. Walsh interrupted Council's deliberation by attempting to engage in debate with the Council in violation of the ground rules and courtesy expectations. When the Mayor asked

Page 3 – DECLARATION OF BRYANT ENGE

him to stop, Mr. Walsh became upset and disrupted the meeting with numerous outbursts. The Mayor repeatedly asked Mr. Walsh to stop disrupting the meeting. As a result of Mr. Walsh's conduct, the Mayor excluded Mr. Walsh from the City Council meeting. When Mr. Walsh refused to leave, the Mayor called for a ten minute recess and requested that security remove Mr. Walsh from the building.

19. On September 17, 2014, pursuant to the direction of the Mayor, I issued Mr. Walsh a "Notice of Exclusion from City Property" for a thirty (30) day period based upon his conduct at the September 10, 2014 City Council meeting.

20. My letter to Mr. Walsh documented the reasons for his exclusion and provided him with information for appealing the exclusion.

21. Attached to this Declaration as **Exhibit H** is a true and correct copy of the September 17, 2014 Notice of Exclusion from City Property issued to Mr. Walsh

22. On May 13, 2015, Mr. Walsh attended the City Council meeting to observe and provide public testimony. At the beginning of the meeting the Mayor informed all present of the ground rules and courtesy expectations for meeting attendance, including being respectful of others and not being disruptive to the proceedings. Shortly after the meeting began, Mr. Walsh and other individuals began loudly chanting, causing a disruption to the proceedings. The Mayor repeatedly warned Mr. Walsh and the other individuals to stop the disruption. Mr. Walsh and the others continued the disruptive shouting until the Mayor called for a thirty (30) minute recess. After Council reconvened Mr. Walsh recommenced with his disruptive shouting.

23. On May 21, 2015, in consideration of his history and failure to comply with direction from the Mayor, I issued Mr. Walsh a "Notice of Exclusion from City Property" for a thirty (30) day period based upon his conduct at the May 13, 2015 City Council meeting.

24. My letter to Mr. Walsh documented the reasons for his exclusion and provided him with information for appealing the exclusion.

25.    Attached to this Declaration as **Exhibit I** is a true and correct copy of the May 21, 2015 Notice of Exclusion from City Property issued to Mr. Walsh.

26.    On July 8, 2015, Mr. Walsh attended the City Council meeting. At the beginning of the meeting the Mayor informed all persons of the ground rules and the courtesy expectations for the meeting attendance including being respectful of others and not being disruptive to the proceedings. While an agenda item was being heard, Mr. Walsh disrupted the meeting by yelling from the public seating area. He then proceeded to the presentation table where speakers were testifying and continued to yell. Mr. Walsh ignored the Mayor's repeated request to stop and continued his interruption. The Council session was recessed and Mr. Walsh was escorted out of the building.

27.    On July 15, 2015, in consideration of his history and failure to comply with direction from the Mayor, I issued Mr. Walsh a "Notice of Exclusion from City Property" for a period of sixty (60) days.

28.    My letter to Mr. Walsh documented the reasons for this exclusion and provided him with information for appealing the exclusion.

29.    Attached to this Declaration as **Exhibit J** is a true and correct copy of the July 15, 2015 Notice of Exclusion from City Property issued to Mr. Walsh.

30.    I make this declaration in support of Defendants' Motion for Summary Judgment.

**I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.**

DATED: October 28, 2015.

_____
Bryant Enge

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing DECLARATION OF BRYANT ENGE on:

>Joseph F. Walsh
>7348 SE Division Street
>Portland, OR 97206
>        *Plaintiff-Pro Se*

on October 30, 2015, by causing a full, true and correct copy thereof, addressed to the last-known address (or fax number) of said attorney, to be sent by the following method(s):

☒ by **mail** in a sealed envelope, with postage paid, and deposited with the U.S. Postal Service in Portland, Oregon.

☐ by **hand delivery.**

☒ by **email** pursuant to LR 5-2(b).

☐ by **facsimile transmission.**

☐ by **email.**

*/s/ Dan Simon*
_____
DAVID LANDRUM, OSB #955425
Senior Deputy City Attorney
DANIEL SIMON, OSB #124544
Assistant Deputy City Attorney
Telephone: (503) 823-4047
Attorneys for Defendants

Page 1 – CERTIFICATE OF SERVICE