## CASE NO 3:15-ev-01666-SI

*Individuals For Justice*
*Joseph Walsh, representative*
*E-mail: lonevet2008@comcast.net*
*Phone: 503-946-8428*

RECVD02 NOV '15 1154USDC-ORP



**RESPONSE TO THE CITY'S BRIEF CONCERNING THEIR ABILITY/POWER TO EXCLUDE CITIZENS FROM PUBLIC BUILDINGS. CASE NO. 3:15-cv-01666-SI and Motion for Summary Judgment.**

### UNITED STATES DISTRICT COURT
#### DISTRICT OF OREGON
#### PORTLAND DIVISION

**JOSEPH WALSH**

    **PLAINTIFF,**

**BRYANT ENGE, CHARLIE HALES,**
**CITY OF PORTLAND,**

    **Defendants.**

## 1-5

### 1. Introduction

"The strength and power of despotism consists wholly in the fear of resistence." Thomas Paine

We believe that the Bill of Rights consisted of 12 articles, ten ratified by the States in 1791. If one looks at all ten you will notice there are no periods in each article, was this to tell us to look at each article as a whole? Can you separate freedom of speech from our right to "Petition the Government for a redress of grievances?' I was the representative of Individuals for Justice on the day that was the cause of my 60 day exclusion from not only the Council Chambers but the entire City Hall building. The City Hall building has in it what one would expect to find: http://www.portlandoregon.gov/

All Council offices, Auditor's office, a café, neighborhood associations, city attorney, etc. I was barred from all of these for 60 days. The exclusion letter does not mention the incident that acted as the catalyst for the mayor's throwing me out of the meeting and one week later, as I was going to enter the Council Chambers, giving me the exclusion letter.

There is a concept called Consent Agenda and is part of most, if not all, agenda items to be voted on by the 5 member council. The unique characteristic of this section of the meeting is the Consent Agenda allows the council to vote on a group of items and not waste time on voting one at a time. There is a Charter provision that a citizen can "pull" any item off the Consent Agenda and force a discussion on that item. The item pulled is now taken up by the council directly after the consent agenda is voted on, see:
http://www.portlandonline.com/auditor/?c=28201#cid_13380

The mayor has a strange interpretation of this article in the Portland City Charter. If you pull an item you have to wait two or three hours to express your right to address the council members on your objections. The Charter dictates the mayor or presiding official must take up the pulled item following the vote on the rest of Consent Agenda. This is

2-5

important because most citizens cannot spend 2 hours or more waiting for the mayor to decide to bring up the pulled item. In the case of July 8, we had to wait over 2 hours and I had to use the restroom. All my belongings, including my portable oxygen set up, were in the council chambers so the mayor knew I was close by to offer my objections to item 743, just not inside the council chambers. The mayor called a police officer to testify for the $100,000 transfer of funds to police overtime, but only called Mr. Lightning's name and when there was no response decided just to call a vote. I walked into the chamber, was told what happened and yelled out. We are not arguing that the mayor cannot throw me out, and if I refuse to go, have me arrested, we are arguing that the mayor does not have the authority to later ban or exclude individuals who the mayor believes acted inappropriately and/or disrupted a council meeting in the past. This incident is troubling in that I was told that if I entered the building I would be arrested, and they were very serious. The following week the city handed me a notice of exclusion and the exclusion would start the date of receipt, this being July 15, 2015.

**Response to City's Brief :**

The City submission is lacking in answering this simple question:

Where does the mayor or presiding official get the authority to override the Bill of Rights, in this case the First Amendment? If the city can successfully argue where their authority comes from, then we would also ask; with what restrictions? We believe that the legal bar should be very high when using exclusions to future public hearings and to be excluded from a public building that hold multiple services should be very rare.

We also see my removal from the Council meeting on July 8, 2015 and being subject to possible arrest if I did not leave the Council chambers, then the exclusion letter a week later as double punishment. This begs the question: can the mayor use one punishment and later tag on another at his will?

3-5

The response from the city does not answer our complaint and only responds to the mayor's ability to throw me out and have me arrested for trespass. We are not arguing that point, we are arguing that the mayor or any presiding official at City Council meetings cannot bar a citizen or representative of a watch dog organization from attending even "Limited Public Forums." The case the city cites, Norwalk, 900 F.2d at 1425 (In the Ninth Circuit) I think makes it clear there must be some disruptive behavior during a meeting to even have the authority to throw me out of the meeting. One cannot have a disruptive behavior if one is not there. That is the problem with these exclusions, they are based on actions that one man's decisions are so outrageous that the mayor would stop a citizen from exercising a very fundamental right under the Federal Constitution. There seems to be no limit to what Mayor Hales thinks he can do, that is not democracy; it is dictatorship.

The city is again using the concept that the appeal is moot, under federal jurisdiction the question of mootness does have exceptions. This action by the city, as they inserted in their letter of exclusion dated July 15, 2015 shows their intent to continue and piggy back on prior acts. I am caught in a situation that would allow the mayor or any presiding official using prior acts to extend my exclusion for whatever time they decide with no guidelines. Will the actions by the mayor have a strong probability of repeating? Yes, it has in three different occasions. The same letter lists all three. The fact that I have been removed and suffered exclusions on three occasions would sound like I am disruptive all the time; not so! I have been monitoring the city council for Individuals For Justice through three (3) mayors. I estimate attending over 500 city council meetings and many sub-committee meetings where I have not been thrown out. Will there be future confrontations with the city council, not sure--I am not a person who can tell the future. The mootness question now offered by the city is also complicated due to a recent announcement by a hearing officer for the city that mootness will no longer be offered by the city and any case brought to the city's hearing officer will continue until a decision is rendered, Hearing Officer is a Mr. Franks and the case is under Appeal of Mr. Davis for a 60 day exclusion.

4-5

Arguments for Summary Judgment:

I/We believe that our beloved Federal Constitution, Bill of Rights is the controlling document here and any interference with my ability to attend and monitor a meeting must show a direct connection between being removed from a meeting and perceived bad behavior. The cited case Norse, 629 F.3d at 979 talks to being removed and the city does not offer any arguments for extended exclusions. The city is offering the concept that they can do extended exclusions because they have and continue to act on their perceived authority to ban citizens from future meetings for actions that have already been dealt with on the day of the incident. "Mr. Walsh, you are out of order sir, if you continue I will have you removed."  That is a very powerful tool the presiding official has, but to allow him/her later to add on a 60 day exclusion for the same behavior is oppressive and sends a chilling message to the rest of the activists who may attend a City Council meeting. The notion that I was not removed "…because of any point of view or opinion expressed by the content of his speech." is without merit, the very argument between the mayor and I had to do with him voting on an item that I had pulled and in so doing had a future right to offer my/our postion on that item. We acknowledge that speech and the right to petition our government is not without limitations but we would argue that the decision to shut down a person or organization must be fully authorized by some law or decision by a court to what extent officials can go and what limiting guidelines are available, it cannot be subjective, it must be clear. There are things that happen in life that I do not like, the First Amendment is not required for things that we like or approve of, the reason we have it is for the things or actions that we don't like. Government officals cannot ban or exclude citizens from meetings because they might be disruptive or may act out in ways that annoy the officals. The chilling effect on other activists is immense.


Conclusion:

The Portland City's action should be permanently enjoined and exclusions issued by the mayor or any he may designate be declared on

5-5

its face, unconstitutional. In the case of Rodolfo v City of Austin, Case Number 13-50916 (for the 5th Ciruit) 2014, the City's actions were declared unconstitutional because the city went too far when interfering with a protective right under the First Amendment. The court even sent the case back to the district court to assess attorney fees. The First Amendment should not be violated unless the city can show that there is a greater need. The city has never offered any relevant law that would protect them from scrutiny; they just do things and hope nobody will take them and their 40 lawyers on.

Therefore, we ask the court to grant us a permanent injunction and order the city to rescind all exclusions. Because we do this pro se, there should be no attorney fees to consider. We do ask the court to assess the city for damages suffered by me for the 60 days that I could not use normal services offered by the city via our building called City Hall.

Respectfully submitted,

Joseph Walsh,

Individuals For Justice

When Ben Franklin was coming out of Independence Hall, a citizen yelled at him, "What have you given us, a democracy or a monarchy?" Mr. Franklin replied, "A Democracy if you can hold on to it."