DAVID LANDRUM, Oregon State Bar ID Number 955425
Senior Deputy City Attorney
Email: david.landrum@portlandoregon.gov
DANIEL SIMON, OSB No. 124544
Assistant Deputy City Attorney
Email: dan.simon@portlandoregon.gov
Office of City Attorney
1221 SW 4th Avenue, Suite 430
Portland, OR 97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
Attorney for Defendants

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

**JOSEPH WALSH,**

**PLAINTIFF,**

v.

**BRYANT ENGE, CHARLIE HALES, CITY OF PORTLAND,**

**DEFENDANTS.**

**3:15-cv-01666 SI**

**DEFENDANTS' RESPONSE TO PLAINTIFF'S "RESPONSE TO THE CITY'S BRIEF CONCERNING THEIR ABILITY/POWER TO EXCLUDE CITIZENS FROM PUBLIC BUILDINGS"**

Defendants Bryant Enge, Charlie Hales, and the City of Portland respond to plaintiff's "Response to the City's Brief Concerning Their Ability/Power to Exclude Citizens From Public Buildings" (*see docket #23*) (hereinafter "Response") as follows:

## I. Plaintiff Cannot Show a Justiciable Controversy Because His Complaint Relies on Contingent or Hypothetical Events

Plaintiff acknowledges that he cannot make a reasonable showing that he will be subjected to exclusion in the future. On the third page of the Response, plaintiff states "Will there be future confrontations with the city council, not sure—I am not a person who can tell the future." That statement illustrates the fact that plaintiff's case is premised on unknown future events that may or may not occur. To be justiciable, a controversy must involve a dispute based

on present facts rather than on contingent or hypothetical events. Plaintiff must have some concrete injury beyond an abstract interest in the correct application of the validity of a law. *Bricker v. TriMet*, 2013 WL 2037123, at *10 (D. Or. May 14, 2013), *citing Morgan v. Sisters Co. Dist. No. 6*, 353 Or. 189, 2013 WL 179480, at *5 (Or. Jan. 17, 2013). A speculative contingency is also insufficient to create an existing controversy for purposes of overcoming mootness. *Bricker v. TriMet*, 2013 WL 2037123, at *7 (D. Or. May 14, 2013), *citing O'Shea v. Littleton*, 414 U.S. 488, 496 (1974).

The fact that the City uses plaintiff's prior disruptive acts as the basis for issuing exclusions of increasing length has no bearing on whether or not plaintiff's claim presents a justiciable case or controversy before the court. To show that he has standing or that this case overcomes mootness under the "cases capable of repetition yet evading review" exception, plaintiff must make a reasonable showing that he will be subject to an exclusion in the future. *Bricker*, 2013 WL 2037123, at *5-*6, *citing City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983). Plaintiff will only be subjected to exclusions if he commits a future violation of the City's Rules of Conduct, i.e., if plaintiff engages in disruptive behavior or fails to obey the reasonable directives of a City employee. In other words, plaintiff alone controls whether or not he will be excluded from City properties in the future.

Plaintiff has not been excluded from City Council meetings based on a subjective belief that he is "disruptive all the time" (*see Response, at p. 3*). Indeed, by his own admission plaintiff has attended numerous City Council meetings without incident. *Id*. Plaintiff has only been excluded when his communications rose to the level of disruptive behavior, as evidenced by the documented incidents where City Council meetings were delayed for lengths of time due to plaintiff's actions. (*See docket #19, Enge Declaration, Exhibit J; see also docket #22, Le Declaration, Exhibit A).* Removing disruptive individuals is within a government official's discretion under the First Amendment. *See Kindt v. Santa Monica Rent Control Bd.*, 67 F.3d



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

266, 272-73 (9th Cir. 1995) ("Nothing indicates that Kindt was prevented from speaking his mind on his chosen topics. Indeed, the Board's members regularly endured Kindt's philippics and, essentially, restrained him only when he abandoned all sense of decorum. That is not the stuff that First Amendment violations are made of."). Plaintiff does not dispute that he was disruptive during the documented City Council meetings previously submitted as evidence in support of the City's Motion for Summary Judgment, nor does plaintiff dispute that he was properly excluded from those meetings.

Plaintiff's pattern of disruptive behavior justifies the length of his exclusion, but plaintiff initiated every disruption that required a response from the City defendants. So long as plaintiff does not engage in future disruptions, he will not be subjected to future exclusions. Plaintiff therefore has not shown a concrete injury that is based on present facts, and his claim is nonjusticiable.

Plaintiff also asserts that the City's use of exclusions creates a chilling effect on people attending a City Council meeting, but offers no support for that assertion. "Allegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm; the federal courts established pursuant to Article III of the Constitution do not render advisory opinions." *Laird v. Tatum*, 408 U.S. 1, 13-14 (1972), *citing United Public Workers of America (C.I.O.) v. Mitchell*, 330 U.S. 75, 89 (1947). Plaintiff has not demonstrated that his speech has been chilled due to the City's use of exclusions.

Finally, plaintiff's assertion that "the mootness question now offered by the city is also complicated due to a recent announcement by a hearing officer for the city that mootness will no longer be offered by the city and any case brought to the city's hearing officer will continue until a decision is rendered" carries no weight. Plaintiff's interpretation of a hearsay statement by a City employee is not equivalent to a policy declaration by the City government.



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

## II. The Rights of Freedom of Speech and Freedom to Petition the Government for Redress of Grievances are not Absolute

Plaintiff's Response argues that there is no distinction between the First Amendment right of freedom of speech and the First Amendment right of freedom to petition the government for redress of grievances. The two do not guarantee the same rights, though the constitutional analysis for both is the same. *See Wayte v. United States*, 470 U.S 598, 610 n. 11 (1985) ("Although the right to petition and the right to free speech are separate guarantees, they are related and generally subject to the same constitutional analysis") (internal citation omitted). The right to petition in general guarantees only that individuals have a right to communicate directly to government officials, and that individuals have the right of access to the courts to redress constitutional violations. *Kittay v. Giulani*, 112 F.Supp.2d 342, 354 (S.D.N.Y. 2000), *aff'd*, 252 F.3d 645 (2d Cir. 2001), *citing McDonald v. Smith*, 472 U.S. 479, 482 (1985). Although the right guarantees that plaintiff may speak to government officials, it does not mean that plaintiff may unilaterally dictate the terms on which he speaks to government officials, nor does it guarantee that plaintiff will be granted a receptive audience. Plaintiff does not have an absolute right to attend City Council meetings in person.

The First Amendment's bar on governmental conduct that would chill an individual does not mean that the government has an affirmative obligation to listen or respond to plaintiff's comments at a prescribed time during City Council meetings. *Erum v. County of Kauai*, 2008 WL 763231, *5 (D. Haw. 2008), *aff'd*, 369 F.Appx. 843 (9th Cir., 2010), *citing Minn. State Bd. For Comm. Colls. v. Knight*, 465 U.S. 271, 285 (1984). ("Nothing in the First Amendment or in this Court's case law interpreting it suggests that the rights to speak, associate, and petition require government policymakers to listen or respond to individuals' communications on public issues.").

In *Erum v. County of Kauai*, plaintiff Ted Erum sought a temporary restraining order to prevent the County of Kauai from removing certain trees after the County's Arborist Committee



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

denied Erum's petition to classify the trees as "exceptional." 2008 WL 763231, at *1-*2. Erum alleged that he was deprived of his First Amendment right to petition the County to address his grievances when the Arborist Committee denied his petition, allegedly without considering its merits. *Id*. at *5. The District Court dismissed Erum's complaint, finding that an individual's First Amendment right to petition the government was not mirrored in a governmental obligation to respond to the exercise of that right. *Id*. The court couched its analysis by stating that "In evaluating Erum's First Amendment claim, this court is only concerned with whether Erum exercised his right to petition the County and whether any County official or entity took any action that might have chilled Erum's speech." *Id*. Because Erum was allowed to file his petition and address the merits of his grievance at a hearing, and because the County had no governmental duty to respond to Erum's petition, the court found that there was no First Amendment violation. *Id*. at *6.

In the current case, plaintiff believes that the First Amendment right to petition the government for redress of grievances gives him an absolute right to attend each City Council meeting and speak on items on the Communications Agenda or Consent Agenda, and that he cannot be barred in any way from speaking at future meetings based on his disruptive conduct at past meetings. Although the First Amendment guarantees the rights to free speech and to petition the government for redress of grievances, such rights are not absolute, C*ornelius v. NAACP Legal Defense and Educational Fund, Inc*., 473 U.S. 788, 817 (1985); *Heffron v. International Society for Krishna Consciousness*, 452 U.S. 640, 647 (1981).

The Constitution does not grant to members of the public generally a right to be heard by public bodies making decisions of policy. *Minn. State Bd. for Cmty. Colls. v. Knight*, 465 U.S. 271, 283 (1984); *see also Smith v. Ark. State Highway Employees*, 441 U.S. 463, 465 (1979); *DeGrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000) ("Because her exclusion from the closed meetings did not interfere with DeGrassi's ability to speak out in public or to represent



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

her constituents, it did not offend the First Amendment"). Plaintiff thus has no constitutional right to force the government to listen to his testimony at City Council meetings. Per City Code and the Rules of Conduct for City Properties, the City granted citizens a limited privilege to testify at City Council meetings so long as their behavior meets the rules of decorum. Plaintiff has repeatedly failed to abide by those rules of decorum, leading to plaintiff's exclusions.

Plaintiff's exclusion from City Hall means that he cannot be physically present to comment on agenda items that the City Council debates during its weekly meetings, but that is a permissible exclusion under the First Amendment because it does not bar plaintiff from communicating with public officials. Plaintiff's Response makes no mention of the alternative means plaintiff may use to inform himself of City issues and communicate with City Council, including:

- Observing live City Council meetings online;
- Providing written testimony to the City Council Clerk prior to the City Council's meeting dates;
- Conducting business at City Hall by appointment; or
- Conducting business with City officials at alternative meeting locations.

*(See docket #2, Complaint, Attachment #1, p. 2-3, Items 7-8; See also docket #17, Defendants' Motion for Summary Judgment, pp. 32-33)*. Plaintiff is therefore incorrect in asserting that not being allowed to be present at City Council meetings is a complete ban on his ability to communicate with the government.

## III. It is not an Impermissible First Amendment Burden to Restrict Plaintiff's Ability to Appear Before the City Council

Plaintiff asserts a facial challenge against the City's exclusion policies. For a party to succeed in facially challenging a statute, "the challenger must establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). Plaintiff has not made such a showing in this case.



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

Plaintiff's argument against the City's use of exclusions from future City Council meetings is summarized on page 3 of his Response: "[T]here must be some disruptive behavior during a meeting to even have the authority to throw me out of the meeting. One cannot have a disruptive behavior if one is not there." (*See docket #23, Response, at p. 3*). Plaintiff thus argues that the City has no constitutional authority to exclude him from future meetings despite his past history of disruptive behavior and subsequent exclusions. He cites to *White v. City of Norwalk*, 900 F.2d 1421, 1425 (9th Cir. 1990) and *Norse v. City of Santa Cruz*, 629 F.3d 966, 979 (9th Cir. 2010) to support his theory that the City may only issue exclusions from the disrupted meeting and not future meetings. (*See docket #23, Response, at pp. 3-4*). That generalization is not supported by First Amendment jurisprudence.

To reiterate, City Hall is not a traditional public forum; rather, it is properly classified as a limited public forum or designated public forum. (*See Defendants' Motion for Summary Judgment, pp. 18-19*). The Ninth Circuit has repeatedly held that the government may regulate the time, place, and manner of speech in a limited public forum. *Norse v. City of Santa Cruz*, 629 F.3d 966, 975 (9th Cir. 2010). The government does not violate First Amendment speech rights when it bars citizens from exchanging views with legislators in formal settings when opportunities for informal communications also exist. *Minn. State Bd. For Cmty. Colls.*, 465 U.S. at 277 n. 4. Hence, exclusion from City Council meetings after the one Plaintiff actually disrupts does not run afoul of First Amendment rights because it only bars plaintiff from exchanging views with legislators in the formal setting of a City Council meeting. Plaintiff is free to provide written testimony, conduct business at City Hall by appointment, or conduct business with City officials at alternative meeting locations. Because plaintiff does not have an absolute right to speak to the City Council during City Council meetings, it is not constitutionally impermissible to restrict his ability to appear at those meetings. (See Sec. I, *infra*.)



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

Furthermore, there is precedent and authority for excluding plaintiff from future City Council meetings. The government has the ability to proactively manage disruptions of government business. *See Cornelius*, 473 U.S., at 810, *citing Perry Education Assn. v. Perry Local Educators' Assn.*, 460 U.S. 37, 52 n. 2. (1983) ("[T]he Government need not wait until havoc is wreaked to restrict access to a nonpublic forum)." As the City has previously argued, exclusion from discrete areas for discrete periods of time is a commonly used security technique to manage forums. *See Bricker v. Tri-Met*, 2013 WL 2037123, at *2 (D.Or. 2013); *see also City of Norwalk*, 900 F2d at 1423-24; *Mead v. Gordon*, 583 F.Supp.2d 1231, 1236-37 (D.Or. 2008); *Reza v. Pearce*, 798 F3d 881, 885-86 (9th Cir. 2015).

Exclusions from discrete areas for discrete periods of time reasonably serve the City's demonstrated need to preserve decorum and prevent disruptions to City business. There is no requirement that the City use the least restrictive means to further its legitimate interests. *See, e.g., Mead*, 583 F.Supp.2d, at 1239-40 ("Although one might question the necessity of a year-long exclusion when Mead's actions were not violent and her previous courthouse arrest took place two years before and charges were later dropped, the defendants did not have to choose the least restrictive means to achieve their ends."); *see also Ward v. Rock Against Racism*, 491 U.S. 781, 798 (1989) (holding that the government is not required to use the least restrictive or least intrusive means of furthering legitimate interests when establishing time, place and manner restrictions). Just as in *Mead*, the strong possibility of future disruptions based on past behavior justifies a lengthy exclusion to prevent an individual from consistently disrupting the ordinary flow of government business.

In this case, the City is faced with an ongoing pattern of apparently intentional disruptions that have stalled at least five recorded City Council meetings. Plaintiff does not and cannot argue that he is unaware of the Rules of Conduct or the possibility that disruptive behavior can lead to an exclusion; by his own admission, he has been excluded three times for



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

past incidents of disruptive behavior dating back to January 2014. Plaintiff's 60-day exclusion was not issued in a vacuum, but is a response to plaintiff's repeated disruptions of City Council meetings (*see docket #19, Enge Declaration, Exhibit E*). Plaintiff also has a history of being disruptive and combative with the City Council during City Council meetings irrespective of whether he was excluded (*see docket #20, Wood Declaration, ¶9; docket #21, Chandler Declaration, ¶8, docket #18, Moore-Love Declaration ¶5*). The City's use of exclusions is designed to prevent these disruptions and preserve a safe and healthy environment for visitors and employees of City Properties. (*See docket #19, Engle Declaration, Exhibit E*). For plaintiff to successfully raise a facial challenge to the City's exclusion policy, he must show that there is no circumstance under which the City could legally exclude a person from City Hall. He has not made that showing in this case.

## IV. Plaintiff's Cited Case, *Sanchez v. City of Austin*, is Distinguishable

Plaintiff cites to *Sanchez v. City of Austin*, 774 F.3d 873 (5th Cir. 2014), as an example of an exclusion policy that a federal appellate court found facially unconstitutional. In *Sanchez*, plaintiffs Rodolfo Sanchez and Kristopher Sleeman participated in the Occupy Wall Street protests that took place in a plaza in front of Austin City Hall. Police officers arrested Sanchez and Sleeman, and issued both of them a verbal criminal trespass notice excluding Sleeman from City Hall for one year and Sanchez for two years. *Sanchez*, 774 F.3d, at 875. Two days after Austin police issued these notices, the City formalized its exclusion policy by committing it to writing. *Id*. at 876. Sanchez and Sleeman filed suit under 42 U.S.C. §1983 against the City and several City officials, alleging that the policy, both facially and as applied, violated the First Amendment and due-process rights of Appellants and citizens of Austin who used the plaza as a forum for free expression. *Id*.

The U.S. District Court for the Western District of Texas found that the policy was a content-neutral time, place, and manner restriction on protected speech and a traditional public



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

forum and that the policy failed intermediate scrutiny because it did not leave open adequate alternative avenues for communication. *Id*. at 877. The district court entered judgment for the plaintiffs, declaring the policy facially unconstitutional and ordering a permanent injunction against its enforcement. *Id*. The City of Austin did not appeal the district court's merits ruling, and at the appellate level the only issue left for review was whether plaintiffs were entitled to attorneys' fees and costs under 42 U.S.C. §1988. *Id*.

The current case is distinguishable because the interior of Portland's City Hall is not a traditional public forum. *Sanchez* involved the public plaza in front of City Hall, and plaintiff's right to traverse the exterior of City Hall has not been encumbered in this case. In addition, the City's exclusion policy gives plaintiff alternative means of communicating with City officials, as well as the right to appeal his exclusion and receive a hearing from the City Auditor's Hearings Office (*see docket #19, Enge Declaration, Exhibit E*). The exclusion policy had also been formalized and in effect prior to the time that it was used to exclude plaintiff from City Hall, unlike the policy in *Sanchez* where the policy was formalized after the plaintiffs had already been excluded. The City of Portland established the Rules of Conduct in early 2013, and the Rules of Conduct were applied to plaintiff Walsh in 2014 (*see docket #19, Enge Declaration,* ¶¶ *6-11*). *Sanchez* is distinguishable because it was decided in a different context and because it concerns a public as opposed to limited public forum.

**V. The Court Should Grant the City's Motion for Summary Judgment and Deny Plaintiff's Motion for Summary Judgment**

Plaintiff's claims are not justiciable due mootness and lack of standing, thus the court should grant the City's Motion for Summary Judgment. Plaintiff's Response acknowledges that his claim is based on hypothetical future events that are insufficient to overcome mootness or grant plaintiff standing.

In the alternative, the court should grant the City's Motion for Summary Judgment because the City's use of exclusions is permissible under First Amendment jurisprudence.



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

Plaintiff does not have an absolute right to testify before the City Council at City Council meetings. The City's exclusion of disruptive individuals from City Council meetings and City Hall is a content-neutral, reasonable restriction on speech that is justified by the City's legitimate need to maintain order, decorum and safety in the place where it performs its ordinary business. Plaintiff does not dispute that he has disrupted past City Council meetings or that the City has the authority to remove him from meetings he disrupts. The City's use of such exclusions is designed to prevent future disruptions. The exclusions advise plaintiff of alternative methods of communicating with government officials.

The court should grant the City's Motion for Summary Judgment and deny plaintiff's Motion for Summary Judgment.

Dated: November 20, 2015.

Respectfully submitted,

*/s/ Dan Simon*

DAVID LANDRUM, OSB # 955425
Senior Deputy City Attorney
DANIEL SIMON, OSB #124544
Assistant Deputy City Attorney
Telephone: (503) 823-4047
Attorney for Defendants

CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing DEFENDANTS' RESPONSE TO PLAINTIFF'S "RESPONSE TO THE CITY'S BRIEF CONCERNING THEIR ABILITY/POWER TO EXCLUDE CITIZENS FROM PUBLIC BUILDINGS" on:

Joseph F. Walsh
7348 SE Division Street
Portland, OR 97206
*Plaintiff-Pro Se*

on November 20, 2015, by causing a full, true and correct copy thereof, addressed to the last-known address (or fax number) of said attorney, to be sent by the following method(s):

☒ by **mail** in a sealed envelope, with postage paid, and deposited with the U.S. Postal Service in Portland, Oregon.

☐ by **hand delivery.**

☒ by **email** pursuant to LR 5-2(b).

☐ by **facsimile transmission.**

☐ by **email.**

*/s/ Dan Simon*
DAVID LANDRUM, OSB #955425
Senior Deputy City Attorney
DANIEL SIMON, OSB #124544
Assistant Deputy City Attorney
Telephone: (503) 823-4047
Attorney for Defendants