DAVID LANDRUM, Oregon State Bar ID Number 955425
Senior Deputy City Attorney
Email: david.landrum@portlandoregon.gov
DANIEL SIMON, OSB No. 124544
Assistant Deputy City Attorney
Email: dan.simon@portlandoregon.gov
Office of City Attorney
1221 SW 4th Avenue, Suite 430
Portland, OR 97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
Attorney for Defendants

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

**JOSEPH WALSH,**

**PLAINTIFF,**

v.

**BRYANT ENGE, CHARLIE HALES, CITY OF PORTLAND,**

**DEFENDANTS.**

**3:15-cv-01666 SI**

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

Defendants Bryant Enge, Charlie Hales, and the City of Portland reply to plaintiff's "Response to the City's Brief Concerning Their Motion for Summary Judgment" (*see* Declaration of Daniel Simon, Exhibit 1 (hereinafter "Plaintiff's Second Response")) as follows:

## I. The Parties Have Agreed that The Issues are Solely Legal and that Summary Judgment is the Appropriate Method to Resolve the Case.

During the September 10, 2015 telephone conference at the onset of this case, the parties agreed to resolve this case through cross-motions for summary judgment (*see docket #12, Minutes of Telephone Conference*). The parties agreed that the issues before the court were solely legal issues that did not require a factual presentation to the court. The parties also agreed to file cross-motions for summary judgment that would encompass their legal arguments and

evidentiary support. Following the telephone conference, plaintiff had notice of his requirements and responsibilities for filing a motion for summary judgment.

In plaintiff's initial filing, entitled "Response to the City's Brief Concerning Their Ability/Power to Exclude Citizens from Public Buildings" (hereinafter "First Response") (*see docket #23*), plaintiff did not dispute that he had disrupted City Council meetings, nor did he submit any declarations in support of his filing. In plaintiff's Second Response, he asserts for the first time that there are "major disputes concerning every aspect of this case." (*See* Declaration of Daniel Simon, Exhibit 1). Plaintiff also offers witnesses to testify regarding plaintiff's activism, his actions at City Council meetings, the City's enforcement of its Code of Conduct, and the mayor's obligations under the City Charter. *Id.* The court should disregard Plaintiff's assertion of new factual issues and plaintiff's demand to solicit witness testimony in his Second Response.

Federal Rule of Civil Procedure 56, governing the procedures for Summary Judgment Motions, reads as follows:

> **(1) Supporting Factual Positions.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> **(2) Objection That a Fact Is Not Supported by Admissible Evidence.** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> **(3) Materials Not Cited.** The court need consider only the cited materials, but it may consider other materials in the record.
>
> **(4) Affidavits or Declarations.** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

> admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Plaintiff has not cited to particular parts of the case record or shown that the record establishes a genuine factual dispute. He does not point to any specific evidence submitted in support of the City's Motion for Summary Judgment, but instead makes a broad assertion that "every aspect of this case" is in dispute. A broad assertion does not create a genuine dispute of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986) ("By its very terms, [the FRCP 56(c)] standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine issue of material* fact.") (Emphasis in original).

Procedurally, plaintiff's opportunity to file declarations in support of his motion for summary judgment has passed. Plaintiff was informed of the summary judgment process during the September 10, 2015 telephone conference that established the procedural posture of this case. Plaintiff's First Response, filed November 2, 2015 (*see docket #23)* encompassed his motion for summary judgment and did not include any supporting declarations.

Even if plaintiff argues that he did not specifically receive instructions to file supporting declarations at the time he filed his First Response, there is no requirement that a plaintiff receive such instruction. In *Jacobsen v. Filler*, the Ninth Circuit held that there is no requirement that *pro se* litigants in ordinary civil cases receive specific instructions about how to file summary judgment motions. 790 F.2d 1362 (9th Cir. 1986). In *Jacobsen*, a *pro se* plaintiff argued that it was the district court's duty to advise him of the measures he should take to oppose the defendants' summary judgment motion. 790 F.2d, at 1363-64. The court rejected plaintiff's argument, holding that requiring additional notice to *pro se* litigants would be an *ad hoc* amendment to FRCP 56(c). *Id.* at 1366-67. *Pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record. *Id.* at 1364.



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

Moreover, the four issues on which plaintiff claims to require witness testimony are not relevant to plaintiff's claims. *See Anderson*, 477 U.S., at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.")

First, plaintiff's history of activism is not in dispute. The City has acknowledged that plaintiff has a history of appearing at City Hall to voice his opinions. (*See docket #17, Defendant's Motion for Summary Judgment*, at 3).

Second, additional testimony regarding plaintiff's actions during City Council meetings would be cumulative and irrelevant because plaintiff's actions are shown by video evidence (*see docket #22, Le Declaration*). While plaintiff may dispute the characterization of those actions, he cannot dispute that the events depicted in the videos are what actually transpired during the respective City Council meetings. Furthermore, if plaintiff's witnesses will claim that plaintiff did not disrupt City Council meetings, that position would directly contradict plaintiff's previous assertions to the Court in this case.

Third, plaintiff has not raised any claims regarding an alleged selective enforcement of the Code of Conduct, therefore testimony regarding the City's enforcement of the Code of Conduct is irrelevant. Where a plaintiff alleges selective enforcement of criminal laws, the "plaintiff must demonstrate that enforcement had a discriminatory effect and the police were motivated by a discriminatory purpose," and that "the police misconduct is part of a 'policy, plan, or a pervasive pattern.'" *Anderson v. City of Portland*, No. CIV. 08-1447-AA, 2011 WL 6130598, at *4 (D. Or. Dec. 7, 2011), *citing Rosenbaum v. City and Cnty. of San Francisco*, 484 F.3d 1142, 1152–53 (9th Cir.2007) (*quoting Thomas v. Cnty. of Los Angeles*, 978 F.2d 504, 509 (9th Cir.1993)). Notably, "the availability of such a claim has never been limited only to those groups accorded heightened scrutiny under equal protection jurisprudence." *Anderson*, 2011 WL 6130598 at *4, *citing Stemler v. City of Florence*, 126 F.3d 856, 874 (6th Cir.1997). "Instead, a



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

plaintiff makes out a selective-enforcement claim if she shows that the state based its enforcement decision on an 'arbitrary classification,' that ... gives rise to an inference that the state 'intended to accomplish some forbidden aim' against that group through selective application of the laws." *Anderson*, 2011 WL 6130598 at *4, *citing Stemler*, 126 F.3d at 874 (*quoting Oyler v. Boles*, 368 U.S. 448, 456, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962) and *Futernick v. Sumpter Twp.*, 78 F.3d 1051, 1056 (6th Cir.1996)). Plaintiff's complaint raises no such claims. (*See docket #2*).

Finally, lay opinion regarding the mayor's obligations under the City Charter is inadmissible under Fed.R.Evid. 701 which prohibits lay witnesses from testifying as to legal conclusions. A lay witness cannot testify to the correct interpretation of the City Charter. *See U.S. v. Crawford*, (9th Cir. 2001), *citing Evangelista v. Inlandboatmen's Union of Pacific*, 777 F.2d 1390, 1398 n.3 (9th Cir. 1985) ("The lay witness may not, however, testify as to a legal conclusion, such as the correct interpretation of a contract.").

Under FRCP 56(c), additional testimony from witnesses is impermissible at this stage in the litigation. Furthermore, the testimony plaintiff offers would be irrelevant or inadmissible. The court should therefore deny plaintiff's demand to solicit witness testimony for the purpose of creating issues of material fact. The parties have agreed that summary judgment is the proper method to resolve plaintiff's claim.

## II. Plaintiff's Argument Regarding Mootness Provides No Additional Support for His Claims

Plaintiff once again claims that the City has somehow waived a mootness argument. To prove this claim, plaintiff submits an email sent to him from the City Auditor and a decision from the City's Hearings Officer on January 6, 2015 in which the Hearings Officer denied plaintiff's appeal of his September 17, 2014 exclusion because the appeal was moot. (*See Plaintiff's Second Response, at 2, attachments 1-2*).



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

Nothing in the City Auditor's email suggests that the Auditor's Office "will not use mootness as an end result of hearings." Even if plaintiff's assertion were true, it would have no bearing on this case because the applicable mootness standard is the standard for justiciability in United States District Court, rather than the standard for justiciability in the City's administrative appeals process.

The Auditor's email appears to discuss the Oregon Supreme Court case of *Couey v. Atkins*, 357 Or 460 (2015). *Couey* involved a person registered with the Secretary of State to collect initiative petition signatures for pay who wanted to collect signatures for a different petition on a volunteer basis. 357 Or at 462. He contended that ORS 250.048(9), which prohibited people from simultaneously collecting petition signatures for pay and volunteering to collect signatures, violated his constitutional rights of freedom of expression and association. *Id.* During the litigation, plaintiff stopped working as a paid signature collector, and his registration expired. The Secretary of State moved for summary judgment on the ground that the action had become moot, the trial court granted that motion, and the Oregon Court of Appeals affirmed. *Id.*

The Oregon Supreme Court granted review to resolve the conflict between *Yancy v. Shatzer*, 337 Or 345 (2004) and ORS 14.175. *Yancy* held that the judicial power granted by Article VII, section 1, of the Oregon Constitution did not give Oregon courts the power to hear cases that had become moot but were capable of repetition yet evading review. 337 Or at 347, 353. ORS 14.175 authorizes Oregon courts to hear moot cases that are capable of repetition, yet evading review. *Couey*, 357 Or. at 871. The Oregon Court of Appeals had previously noted that there was an "obvious question" of whether ORS 14.175 was constitutional. *Id.*, at 468, *citing Couey v. Brown*, 257 Or App 434, 445 n. 1 (2013). The Oregon Supreme Court upheld the constitutionality of ORS 14.175 and abrogated *Yancy*, holding that the legislature had authority to enact legislation that allowed litigants to maintain an action that was moot but capable of repetition yet evading review. *Couey*, 357 Or. at 901. Thus, in cases involving a public action or



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

issues of public interest, which includes challenging the lawfulness of an action, policy, or practice of a public body, the court may determine whether it is appropriate to adjudicate an otherwise moot case under the circumstances of each case. *Id.* at 902.

The email from the Auditor's Office simply states that *Couey* overruled *Yancy*. It does not state any kind of City policy, nor did it affect the Hearings Officer decision attached to Plaintiff's Second Response as Attachment 2. At the time the Hearings Officer issued his decision denying plaintiff's appeal of his September 17, 2014 exclusion as moot, the Oregon Supreme Court had not yet decided *Couey*.

Moreover, the holding of *Couey* and its effect of abrogating *Yancy* has no bearing on this case. The City's argument is not that the case is moot even though the case is capable of repetition yet evading review; indeed, federal jurisprudence allowed such cases to proceed prior to *Couey*. *See, e.g., Native Village of Noatak v. Blatchford*, 38 F.3d 1505, 1509 (9th Cir. 1994) ("There are, however a few exceptions to the mootness doctrine. These include cases where the defendant's conduct constitutes a wrong 'capable of repetition yet evading review,' or where the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time"). Rather, the City's argument is that plaintiff has failed to show that his case is justiciable because he has not shown that his case is capable of repetition yet evading review under federal jurisprudence standards (*see docket #17, Defendant's Motion for Summary Judgment, at 9-14; docket #25, Defendant's Response, at 1-3*).

The capable of repetition yet evading review exception applies only in extraordinary cases. *West Coast Seafood Processors Ass'n v. Natural Resources Defense Council, Inc.*, 643 F.3d 701, 798 (9th Cir. 2011). Plaintiff must show that (1) there is a reasonable expectation that the same party will confront the same controversy again, and (2) the issue evades review because it is inherently limited in duration such that it is likely always to become moot before federal court litigation is completed. *West Coast Seafood Processors Ass'n*, 643 F.3d at 704. As noted



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

in previous filings, the action is only capable of repetition if plaintiff continues to disrupt City Council meetings to the extent that the City issues another exclusion against plaintiff. This is not a case where the City has voluntarily ceased an allegedly illegal practice; rather, this a case where plaintiff alone controls whether or not his behavior will necessitate a future exclusion. Nothing in Plaintiff's Second Response provides support for that required showing.

Additionally, plaintiff raises no counter to the City's standing argument. Plaintiff must show a concrete injury beyond an abstract interest in the correct application of the validity of the law. *Bricker v. TriMet*, 2013 WL 2037123, at *10 (D. Or. May 14, 2013), *citing Morgan v. Sisters Co. Dist. No. 6*, 353 Or. 189, 2013 WL 179480, at *5 (Or. Jan. 17, 2013). Plaintiff has not shown such an injury. He is not currently excluded from City Hall. His rights to appear and testify before the City Council are currently the same as they were prior to the exclusion. Plaintiff in this case asks the court for an advisory opinion, because he does not have a concrete injury that the court can remedy in this case.

Plaintiff's First Response and Second Response do not meet the criteria for establishing the capable of repetition yet evading review exception to mootness, and his filings do not establish that he has a concrete injury sufficient enough to grant him standing in this case. Plaintiff's claim therefore lacks justiciability.

## III. Plaintiff Cannot Raise a Due Process Claim in a Response to a Motion for Summary Judgment

Plaintiff's Second Response raises for the first time an argument regarding due process. Plaintiff did not plead a due process claim in his Complaint or raise a due process argument in his First Response (*see docket #2*, Complaint; *docket #23*, Plaintiff's First Response). In his complaint, plaintiff only asserted the First Amendment as the basis for the court's jurisdiction in this case (*see docket #2*, Complaint, at 3).

Plaintiff may not allege a new cause of action in response to a summary judgment motion. *Mitchell v. Homesales, Inc.*, 2014 WL 1744991, at *4 n. 5 (D. Or. Apr. 30, 2014), *citing*



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

*Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008) (finding that when allegations are not in the complaint, "raising such claim in a summary judgment motion is insufficient to present the claim to the district court"); *Wasco Prods. Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) ("'Simply put, summary judgment is not a procedural second chance to flesh out inadequate pleadings.'") (*quoting Fleming v. LindWaldock & Co.*, 922 F.2d 20, 24 (1st Cir. 1990)); *Pickern v. Pier I Imports (U.S.), Inc.*, 457 F.3d 963, 968–69 (9th Cir. 2006) (new issues raised in response to summary judgment were not appropriate for consideration). The court should therefore decline to address plaintiff's new theory of liability.

Plaintiff also asserts that he attends City Council meetings as a representative of "Individuals For Justice." (Plaintiff's Second Response, p. 3). Plaintiff Walsh is the only named plaintiff in this action, and he appears *pro se*. For that reason, Plaintiff Walsh lacks standing to assert a claim on behalf of any person or organization except himself. *Dean v. Jones*, 2010 WL 1873089, at *3 (D. Or. Mar. 2, 2010) *report and recommendation adopted*, 2010 WL 1838962 (D. Or. Apr. 30, 2010), *citing* 28 U.S.C. § 1654 (2009).

## IV. Plaintiff's "Grounds for Summary Judgment" Raises Only Factual Issues that are Not Relevant to the Court's Decision

Plaintiff's "Grounds for Summary Judgment" contains no legal argument; rather, it consists of plaintiff's characterization of the events leading to his exclusion during the City Council meeting on July 8, 2015. Plaintiff's rationale for disrupting City Council meetings is not relevant to the court's decision on the parties' cross-motions for summary judgment. *(See infra*, Sec. I). Plaintiff's factual description also contains several hearsay statements that are inadmissible under Fed.R.Evid. 802. The court should disregard plaintiff's factual argument.

## V. Conclusion

Plaintiff's Second Response provides no new opposition to Defendants' Motion for Summary Judgment. Plaintiff's attempts to introduce witnesses into the summary judgment process, include new claims that were not previously pled, and create issues of fact by disputing



PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

or rationalizing video evidence should all be denied. The court should grant the City's Motion for Summary Judgment and deny plaintiff's Motion for Summary Judgment.

Dated: December 4, 2015.

Respectfully submitted,

Dan Simon

DAVID LANDRUM, OSB # 955425
Senior Deputy City Attorney
DANIEL SIMON, OSB #124544
Assistant Deputy City Attorney
Telephone: (503) 823-4047
Attorney for Defendants

CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT on:

Joseph F. Walsh
7348 SE Division Street
Portland, OR 97206
*Plaintiff-Pro Se*

on December 4, 2015, by causing a full, true and correct copy thereof, addressed to the last-known address (or fax number) of said attorney, to be sent by the following method(s):

☒ by **mail** in a sealed envelope, with postage paid, and deposited with the U.S. Postal Service in Portland, Oregon.

☐ by **hand delivery.**

☒ by **email** pursuant to LR 5-2(b).

☐ by **facsimile transmission.**

☐ by **email.**

Dan Simon

DAVID LANDRUM, OSB #955425
Senior Deputy City Attorney
DANIEL SIMON, OSB #124544
Assistant Deputy City Attorney
Telephone: (503) 823-4047
Attorney for Defendants