IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**JOSEPH WALSH**,

        Plaintiff,

v.

**BRYANT ENGE**, **CHARLIE HALES**, and **CITY OF PORTLAND**,

        Defendants.

Case No. 3:15-cv-1666-SI

**OPINION AND ORDER**

Joseph Walsh, 7348 SE Division St., Portland, OR 97206, pro se.

David A. Landrum, Senior Deputy City Attorney, and Daniel A. Simon, Assistant Deputy City Attorney, CITY OF PORTLAND, OREGON, CITY ATTORNEY'S OFFICE, 1221 SW Fourth Avenue, Room 430, Portland, OR 97204. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

      The Court previously granted injunctive and declaratory relief in favor of Plaintiff Joseph Walsh ("Walsh" or "Plaintiff") as to the City of Portland's then-existing exclusion ordinance, Portland City Code § 3.15.020B.5.b. That ordinance allowed Defendants Bryant Enge, Mayor Charlie Hales, and the City of Portland (collectively "Defendants") prospectively to exclude persons from City Hall and City Council Chambers solely based on past incidents of disruption during City Council meetings. The Court held that on its face, this ordinance violates the First Amendment to the U.S. Constitution. Based on that finding, the Court permanently enjoined

PAGE 1 – OPINION AND ORDER

Defendants from directing or enforcing any prospective exclusions pursuant to the ordinance. Walsh now requests that the Court "enforce" the injunction by preventing Defendants from arresting and currently prosecuting Walsh and others who may be similarly situated. *See* Motion for Enforcement of Judge's Order, ECF 33. For the following reasons, the Court denies Walsh's motion.

Walsh was arrested at City Hall on June 29, 2016. He has been charged with Criminal Trespass II and Disorderly Conduct II. Walsh's arrest is now proceeding in state court in the case of *State of Oregon v. Joseph Walsh*, Case No. 16CR39865, pending before the Multnomah County Circuit Court. Walsh does not assert that Defendants have prospectively excluded him or any other person from future City Council meetings based solely on past disruptive conduct. Walsh therefore has not identified any instance of Defendants violating the Court's Order, and no evidentiary hearing is necessary to determine whether violations of the Court's Order may have occurred.

Walsh argues that Defendants have used state criminal law and the power to arrest to prospectively exclude him from City Council meetings without expressly invoking the provisions of Portland City Code § 3.15.020B.5.b. Walsh, however, does not assert that Defendants have prevented him from attending City Council meetings in the days or months after his arrest. Nor does Walsh assert that his arrest was based solely on past incidents of disruption. The alleged facts do not show that Defendants are directing or enforcing unconstitutional "prospective" exclusions through some means other than the exclusion ordinance.

Moreover, federal district courts generally abstain from granting injunctive relief against state criminal actions that are pending and concern the same matter. *See Younger v. Harris*,

PAGE 2 – OPINION AND ORDER

401 U.S. 37 (1971). Enjoining Walsh's criminal prosecution for criminal trespass and disorderly conduct would undoubtedly interfere with a state court criminal proceeding, contravening the principle that "the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Younger*, 401 U.S. at 44. Walsh presents the Court with no exceptional circumstances, such as repeated bad faith prosecutions, that would justify the Court's intervention in this matter before the resolution in state court of Walsh's criminal case. *See Wooley v. Maynard*, 430 U.S. 705, 712 (1977) (holding that enjoining the enforcement of state criminal statutes is appropriate in "exceptional circumstances" upon "a clear showing that an injunction is necessary in order to afford adequate protection of constitutional rights" (quoting *Spielman Motor Sales Co. v. Dodge*, 295 U.S. 89, 95 (1935)).

If Walsh believes that his arrest violates the U.S. Constitution, he may argue this point first to the Multnomah County Circuit Court, then to the Oregon Court of Appeals, and then to the Oregon Supreme Court. Only after exhausting his remedies in state court may he petition the U.S. Supreme Court to address his allegations of a constitutional violation. *See Younger*, 401 U.S. at 43-44 ("[C]ourts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief.").

For these reasons, Walsh's Motion for Enforcement of Judge's Order (ECF 33) is DENIED.

**IT IS SO ORDERED**.

DATED this 21st day of July, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 3 – OPINION AND ORDER