HARRY AUERBACH, Oregon State Bar ID Number 821830
Chief Deputy City Attorney
Email: harry.auerbach@portlandoregon.gov
DAVID LANDRUM, Oregon State Bar ID Number 955425
Senior Deputy City Attorney
Email: david.landrum@portlandoregon.gov
DANIEL SIMON, OSB No. 124544
Deputy City Attorney
Email: dan.simon@portlandoregon.gov
Office of City Attorney
1221 SW 4th Avenue, Suite 430
Portland, OR  97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
        *Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **JOSEPH WALSH**, | **3:15-cv-01666 SI** |
| **PLAINTIFF,** | |
| v. | **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ENFORCEMENT OF JUDGE'S ORDER** |
| **BRYANT ENGE, CHARLIE HALES, CITY OF PORTLAND,** | |
| **DEFENDANTS.** | |

Plaintiff has filed a "motion for enforcement of judge's order," which appears to argue that the action of the Portland City Council in adopting Ordinance 188280 violated the judgment this Court entered in this case on December 31, 2015 (Docket #30).  For the following reasons, the Court should deny the motion.

**A.    Factual Background**

On July 15, 2015, defendant Bryant Enge, Director of the City of Portland's Bureau of Internal Business Services, issued plaintiff a Notice of Exclusion from City Hall for a period of

60 days, under the authority of *former* Portland City Code (PCC) 3.15.020.B.5.b, which

provided:

> Any Person-in-Charge may exclude any person who violates any
> Rule of Conduct while in or upon any City building or property,
> from a specific City building or property or from all City buildings
> and properties, for a period of 24 hours.  The Mayor, and
> specifically identified designees of the Mayor, may issue an
> exclusion for any period of time up to and including permanent
> exclusion from City buildings.

Plaintiff brought this action, claiming his exclusion violated his First Amendment rights.[1]

On cross-motions for summary judgment, the Court agreed with plaintiff, denied the defendants'

motion for summary judgment, and granted plaintiff's.  (Docket #29).  The Court entered a

Judgment (Docket #30), which "**DECLARES** that, on its face, [*former*] Portland City Code §

3.15.020B.5.b violates the First Amendment to the U.S. Constitution."  The Judgment further

entered a permanent injunction directing: "Defendants, each of them and their agents and

employees, and all those in active concert or participation with them, shall not direct or enforce

any prospective exclusions pursuant to [*former*] Portland City Code § 3.15.020B.5.b and the

City's 'Rules of Conduct for City of Portland Properties,' solely based on past incidents of

disruption during City Council meetings."

On March 15, 2017, the Portland City Council adopted Ordinance 188280, which

establishes rules of conduct, and ejection and exclusion procedures for City Council meetings

and City property, amends PCC Chapters 3.02, 3.15 and 5.36, and adopts a new Chapter 3.18.

As a non-emergency Ordinance, Ordinance 188280 becomes effective thirty days after its

passage, which effective date will be April 14, 2017.  The Ordinance, including the text of the

Code amendments, is attached as Exhibit 1to the Declaration of Ted Wheeler.  The new

---

[1] The defendants in this action were Bryant Enge, former Mayor Charlie Hales, and the City of
Portland.  Plaintiff's motion has unilaterally changed the caption so that current Mayor Ted
Wheeler's name appears in place of Charlie Hales.  To the extent that the Mayor is sued only in
his official capacity, it is appropriate to substitute Ted Wheeler as a defendant in place of Charlie
Hales.  Fed. R. Civ. P. 25(d).

Page  2  –  DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ENFORCEMENT OF
JUDGE'S ORDER

provisions do provide for the exclusion of a person from City Council if that person previously has been ejected for disrupting previous Council meetings three times within the preceding year. *See* PCC 3.02.060.D.  But, as Mayor Wheeler made clear when voting in favor of the Ordinance, no person actually will be excluded under the Ordinance (rather than simply ejected for the duration of the meeting) until and unless either this Court or an appellate court holds that doing so is constitutional. Declaration of Ted Wheeler at ¶ 6.

**B.      This Court Did Not, and Could Not, Enjoin the Passage of an Ordinance**

Over a century ago, the United States Supreme Court established the bedrock principle that "[t]he passage of ordinances by [municipal assemblies] are legislative acts, which a court of equity will not enjoin." *New Orleans Water Works Co. v. City of New Orleans,* 164 U.S. 471, 481 (1896) (citations omitted).  "If an ordinance be passed, and is invalid, the jurisdiction of the courts may then be invoked for the protection of private rights that may be violated by its enforcement." *Id.*  Thus, if plaintiff were threatened with enforcement of the Ordinance, in a manner that satisfied the requirement for Article III standing, he could seek an injunction against such enforcement. *City of Los Angeles v. Lyons,* 461 U.S. 95, 105-06 (1983).  But that is not what plaintiff is doing.  Plaintiff's motion is premised on his contention that the mere passage of the Ordinance violates this Court's judgment.  The Judgment neither purports to, nor could, enjoin the City from passage of the Ordinance.  The Judgment declared *former* PCC 3.15.020.B.5.b invalid, and enjoined the City from excluding persons from Council meetings other than the one which their conduct disrupted.  But, consistent with principles of comity and federalism, this Court did not, and could not, enjoin the City from enacting any ordinance.

**C.      Plaintiff's Claim is Not Ripe**

In order to have standing to challenge the Ordinance, plaintiff must "establish a real and immediate threat" that he will be excluded under its terms.  *Lyons,* 461 U.S. at 105.  In order to do that, he would have to demonstrate: (1) that he intends to unlawfully disrupt, and to be ejected

Page  3  –   DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ENFORCEMENT OF
                JUDGE'S ORDER

from, future Council meetings four times within a one-year period, PCC 3.02.060.D; and (2) that the City, as a result of the fourth illegal disruption, will issue him a prospective exclusion. *Lyons,* 461 U.S. at 105-06.  The first element is too speculative.  *Id.*  The second is belied by the City's commitment not to issue prospective exclusions under the Ordinance until this Court or an appellate court determines it is constitutional to do so.

Defendants' position remains that a person lawfully may be excluded from public property, even from a public forum, for conduct that is not protected by the First Amendment, and may, as a result, be prohibited from re-entering that property, even if the person's purpose for re-entry is to exercise First Amendment-protected rights.  *Virginia v. Hicks,* 539 U.S. 113, 123 (2003):

> Even assuming the streets of Whitcomb Court are a public forum, the notice-barment rule subjects to arrest those who reenter after trespassing and after being warned not to return-*regardless* of whether, upon their return, they seek to engage in speech. Neither the basis for the barment sanction (the prior trespass) nor its purpose (preventing future trespasses) has anything to do with the First Amendment. Punishing its violation by a person who wishes to engage in free speech no more implicates the First Amendment than would the punishment of a person who has (pursuant to lawful regulation) been banned from a public park after vandalizing it, and who ignores the ban in order to take part in a political demonstration.

Defendants intend, in due course, to file a motion in this matter to modify or vacate the injunction this Court entered on December 31, 2015.  Until and unless defendants obtain such relief, either from this Court or on appeal, defendants have publicly committed, and represent to this Court, that they will not issue prospective exclusions under PCC 3.02.060.D.  Consequently, plaintiff cannot demonstrate that he is in immediate peril of being subjected to an exclusion in violation of this Court's injunction, and his claim is not ripe.

Page  4  –   DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ENFORCEMENT OF
                JUDGE'S ORDER

**D.    Conclusion**

The Court should deny plaintiff's motion because passing Ordinance 188280 did not violate this Court's injunction, and because plaintiff's claim is not ripe.

DATED: April 3, 2017.

Respectfully submitted,

*/s/Harry Auerbach*
Harry Auerbach, OSB No. 821830
Chief Deputy City Attorney
Email: harry.auerbach@portlandoregon.gov

Page  5  –  DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ENFORCEMENT OF
              JUDGE'S ORDER

CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing DEFENDANTS' RESPONSE TO

PLAINTIFF'S MOTION FOR ENFORCEMENT OF JUDGE'S ORDER on:

> Joseph F. Walsh
> 7348 SE Division Street
> Portland, OR  97206
> *Plaintiff-Pro Se*

on April 3, 2017, by causing a full, true and correct copy thereof, addressed to the last-known

address (or fax number) of said attorney, to be sent by the following method(s):

☒       by **mail** in a sealed envelope, with postage paid, and deposited with the U.S. Postal
         Service in Portland, Oregon.

☐       by **hand delivery.**

☐       by **email** pursuant to LR 5-2(b).

☐       by **facsimile transmission.**

☐       by **email.**

> */s/ Harry Auerbach*
> HARRY AUERBACH, OSB #821830
> Chief Deputy City Attorney
> Telephone: (503) 823-4047

Page  1  –  CERTIFICATE OF SERVICE